IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:13-CR-00053-RLV-DCK-14

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BROOKELYN MICHELLE MILLER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant Brookelyn Michelle Miller's *pro se* Motion to Amend or Correct Judgment Requesting Jail Time Credits (Doc. 431) and Defendant's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (2012)[1] (Doc. 456). The Government has not filed a response to either motion and the time to do so has elapsed. For the following reasons, Defendant's Motion to Reduce Sentence (Doc. 456) is **DENIED** and Defendant's Motion to Amend or Correct Judgment Requesting Jail Time Credits (Doc. 431) is **DENIED**.

**I. BACKGROUND**

Defendant pled guilty to one count of Conspiracy to Distribute and Possess with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). (Doc. 312 at 1). This Court, varying downward from the Sentencing Guidelines range, sentenced Defendant to a term of imprisonment of fifty-

---

[1] Defendant appears also to argue that this motion is pursuant to 28 U.S.C. § 2255 (2012). (Doc. 456 at 4). Defendant's Motion, however, clearly falls within the purview of 18 U.S.C. § 3582 which relates to the modification of an imposed term of imprisonment. Furthermore, Defendant has previously filed a 28 U.S.C. § 2255 Motion to Vacate (Doc. 449), and a prisoner may only file a second or successive motion under 28 U.S.C. § 2255 after obtaining authorization from the appropriate circuit court. 28 U.S.C. § 2244. Accordingly, where Defendant has not obtained authorization, her Motion cannot fall within the purview 28 U.S.C. § 2255 and this Court will only evaluate the Motion under 18 U.S.C. § 3582.

1

seven months, which was to run consecutively to Defendant's imprisonment under any previous state or federal sentence. (Doc. 312 at 2).

## II. MOTION TO REDUCE SENTENCE

In her Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c), Defendant seeks a sentence reduction through the retroactive application of U.S. Sentencing Guidelines Amendment 794, which clarifies the requirements for reducing a defendant's offense level based upon a defendant's "minor" or "minimal" role in the offense. (Doc. 456 at 1-3); *see also* United States Sentencing Guidelines Manual ("U.S.S.G.") § 3B1.2. Once a term of imprisonment has been imposed it is generally considered to be "final for all purposes." 18 U.S.C. § 3582(b). Narrow exceptions exist that permit a court to modify a term of imprisonment. *See* 18 U.S.C. § 3582(b), (c). A court is only permitted to modify a term of imprisonment "if the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or [Fed. R. Crim. P.] 35 *expressly* permits the court to do so." *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). Here, the Director of the Bureau of Prisons has not moved for a reduction, the Government has not filed a Fed. R. Crim. P. 35 motion, and there is no statute expressly permitting the Court to reduce Defendant's sentence. However, the Sentencing Commission has amended U.S.S.G. § 3B1.2 through its adoption of Guidelines Amendment 794.

The Court may "reduce a defendant's term of imprisonment when the Commission has subsequently lowered his or her sentencing range and made that reduction retroactive." *United States v. Dunphy*, 551 F.3d 247, 250 (4th Cir. 2009). Section 3582(c)(2) states that "upon motion of the defendant . . . the court may reduce the term of imprisonment . . . , *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*." 18 U.S.C.

§ 3582(c)(2) (emphasis added). The applicable policy statement is U.S.S.G. § 1B1.10, which provides as follows:

> [i]n a case which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a). The United States Court of Appeals for the Fourth Circuit has held that "[a] guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10([d])."[2] *Dunphy*, 551 F.3d at 249 n.2; *see also United States v. Williams*, 808 F.3d 253, 257 (4th Cir. 2015) (noting that § 1B1.10(d) "lists the Guidelines amendments designated by the Commission for retroactive application in a § 3582(c)(2) proceeding"). As of the date of this Order, Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) as one of the amendments to be applied retroactively. *United States v. Welch*, __F. App'x__, 2017 WL 1241970, at *1 (4th Cir. Apr. 4, 2017) ("Guidelines § 1B1.10(d), p.s., lists the amendments that receive retroactive application, and the list does not include Amendment 794."). Therefore, a reduction in Defendant's sentence is not consistent with the policy statement because Amendment 794 does not apply retroactively to sentences that have become final. *See Kemp v. United States*, 2017 WL 455403, at *1 (E.D.N.C. Feb. 2, 2017). Furthermore, even if Amendment 794 applied retroactively, a reduction to Defendant's sentence is not consistent with the policy statement governing the retroactive application of Guidelines Amendments because the Court imposed a downward variant sentence such that the two-level offense level reduction Defendant seeks would

---

[2] The Sentencing Guidelines were amended on November 1, 2014 to include Amendment 780, which "redesignat[ed]" subsection (c) as subsection (d). U.S.S.G. App. C, amdt. 780 ("[s]ection 1B1.10 is amended in each of the subsections (a)(1), (a)(2)(A), and (b)(1) by striking 'subsection (c)' each place such term appears and inserting 'subsection (d)'; [and] by redesignating subsection (c) as subsection (d)[.]").

3

not produce a Guidelines range below the sentence imposed by this Court. (*See* Doc. 313 at 3); *see also* U.S.S.G. § 1B1.10(b)(1), (b)(2)(A). Accordingly, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 456) is **DENIED**.

### III. MOTION TO AMEND OR CORRECT JUDGMENT/JAIL TIME CREDITS

In her Motion to Amend or Correct Judgment Requesting Jail Time Credits, Defendant asks the Court to run her current federal sentence concurrent to her prior state court sentence so that she may receive jail time credits for time spent in custody between August 13, 2013, the date of her arrest by Federal authorities, and October 14, 2014, the date of her sentencing. (Doc. 431 at 1). As factual background for Defendant's claim, although federal authorities executed an arrest warrant on Defendant in August 2013, (*see* docket entry dated August 14, 2013), Defendant was in state custody, serving a state sentence, at the time of her federal arrest, (*see* Doc. 271 at 9); *see also* North Carolina Department of Correction, Public Access Information System, Offender Search http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1107362&searchLastName=miller&searchFirstName=brookelyn&listurl=pagelistoffendersearchresults&listpage=1 (records of "Miller, Brookelyn Michelle," DOC Number 1107362) (last visited July 16, 2017). Defendant completed her state sentence on July 18, 2014. *See* North Carolina Department of Correction, Public Access Information System, Offender Search http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1107362&searchLastName=miller&searchFirstName=brookelyn&listurl=pagelistoffendersearchresults&listpage=1 (records of "Miller, Brookelyn Michelle," DOC Number 1107362) (last visited July 16, 2017) (identifying July 18, 2014 as the date Defendant was released from custody on her state conviction). At sentencing, this Court considered the issue of whether Defendant's federal sentence should run concurrent to or consecutive to her state sentence and determined that

4

Defendant's fifty-seven month federal sentence should run consecutively to her imprisonment under any previous state or federal sentence. (Doc. 312 at 2). Thus, July 18, 2014 would be the earliest point in time in which Defendant could begin to receive jail time credits for being held in federal custody. *See* 18 U.S.C. § 3585.

Taking the end date of Defendant's state imprisonment, July 18, 2014, and adding this Court's imposed term of fifty-seven months imprisonment leaves Defendant with a release date of approximately April 18, 2019. (Doc. 312 at 1). According to the Bureau of Prisons's Inmate Locator, Defendant's projected release date from federal prison is September 6, 2018. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (records of "Miller, Brookelyn Michelle," Register Number 28627-058) (last visited July 16, 2017). This Court believes that this projected release date, over seven months shorter than Defendant's mandated fifty-seven months, accurately takes into account both Defendant's time spent in federal custody and Defendant's projected good time served credits over the course of her imprisonment.[3]

Thus, although this Court is pleased by Defendant's report that she has worked diligently in earning her G.E.D. and has maintained a clear disciplinary record while incarcerated, (*see* Doc. 431 at 1, Docs. 431-1, 431-2), Defendant has neither demonstrated that the Federal Bureau of Prisons miscalculated her sentence nor identified a basis upon which the Court has authority to modify her sentence, *see* 18 U.S.C. § 3582. Accordingly, Defendant's Motion to Amend or Correct Judgment Requesting Jail Time Credits (Doc. 431) is **DENIED**.

---

[3] To the extent that Defendant maintains that the Bureau of Prisons has calculated her sentence and release date in a manner inconsistent with this Court's criminal judgment, she must exhaust the administrative remedies provided by 28 C.F.R. § 542.10, *et seq.* before any such claim is actionable in this Court. *See Payne v. Miner*, 2011 WL 360726, at *2 (E.D.N.C. Aug. 16, 2011).

## IV. DECRETAL

**IT IS, THEREFORE, ORDERED THAT:**

(1) Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 456) is **DENIED**; and

(2) Defendant's Motion to Amend or Correct Judgment Requesting Jail Time Credits (Doc. 431) is **DENIED**.

Signed: July 31, 2017

Richard L. Voorhees
United States District Judge